Territorial Law Library

IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| HENRY E. ESCOTO, and ROCHELLE S. ESCOTO, | CIVIL CASE NO. CV0260-11 |
| Plaintiffs, | **DECISION AND ORDER ON DEFENDANTS' TWO MOTIONS TO DISMISS** |
| vs. |  |
| THE ESTATE OF JOANNE MARIE L.G. SALAS, PAUL F. LEON GUERRERO, GLYNDA N. RICHTER, CLAYTON D. RICHTER, UNITED SERVICES AUTOMOBILE ASSOCIATION, TAKAGI & ASSOCIATES, and CHUNG KUO INSURANCE CO., LTD. |  |
| Defendants. |  |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III, on November 21, 2011, on two motions to dismiss: one filed by Defendants Clayton and Glynda Richter (collectively the "Richters")[1] and one filed by Defendants Takagi & Associates ("T&A") and United Services Automobile Services Association ("USAA"). Attorney Jesse N. Nasis represented Plaintiffs Henry E. Escoto and Rochelle S. Escoto. Attorney Randall T. Thompson represented Defendants Clayton D. Richter, Glynda N. Richter, USAA and Takagi. Having given due consideration to the parties' arguments and applicable law, the Court now issues its Decision and Order.

//

//

---

[1] The Richters actually filed two motions to dismiss, but defense counsel acknowledged at the hearing that the first motion had been rendered moot by subsequent events and by the subsequent filing of the Richter's second motion to dismiss.

## FACTUAL BACKGROUND

This case arises out of an automobile collision that occurred on February 8, 2009. Plaintiffs allege that Ms. Salas, who was driving while, crossed the center line of the road and struck a pickup truck occupied by Plaintiffs and their three children. The initial collision caused Plaintiffs' truck to collide with the vehicle immediately behind it, which was occupied by Mrs. Richter and her three children. Plaintiffs' truck rolled, causing injuries to Plaintiffs and their children. Two of Plaintiff's children suffered fatal injuries. Ms. Salas was killed on impact. Apparently, neither Mrs. Richter nor her children suffered physical injuries. Plaintiffs filed the complaint in this action on February 7, 2011, just prior to the expiration of the two-year statute of limitations. Plaintiffs filed the First Amended Complaint ("FAC") on June 7, 2011, alleging various acts of negligence due to unsafe and reckless driving by both Ms. Salas and Mrs. Richter.

One-hundred seventy five days after the filing of the original complaint, Darlene Aflague, Plaintiffs' process server, made her first attempt to serve the Summons and Complaint upon the Richters at an address on Anderson Air Force Base that Ms. Aflague thought to be the Richter's current address. However, Ms. Aflague was informed by base personnel that the Richters no longer resided on Guam. On August, 4, 2011, 177 days after the filing of the complaint, Ms. Aflague attempted to serve the Richters by serving T&A, the insurance agent of USAA. USAA, in turn, was the insurance provider for Mr. and Mrs. Richter at the time of the collision. The Richters have never appointed T&A as their agent and did not authorize T&A to accept service on their behalf. Apparently realizing that T&A could not properly accept service on behalf of the Richters, Plaintiffs made additional attempts to personally serve the Richters at their new address in Texas. Mr. Clayton was personally served on August 21, 2011, and Glynda Clayton was served on September 17, 2011.

On August 19, 2011, T&A and USAA file a motion to dismiss under 12(b)(6) and 12(b)(1). The motion argues that T&A is not a proper party to this action, that Plaintiffs fail to state a proper claim for negligence against the Richter Defendants, and that Plaintiffs' requested relief of punitive damages and attorneys fees is improper. That same day the Richters also filed a motion to dismiss under Guam Rule of Civil Procedure 12(b)(5) for insufficient service of

process arguing that Plaintiffs failed to effectively serve them with the Summons and Complaint within 180 of filing the Complaint as required by Rule 4 of the Guam Rules of Civil Procedure. The Richters and USAA filed a third Motion to Dismiss on September 19, 2011, essentially asserting the same untimely service argument as the prior motion.

Plaintiffs do not attempt to argue that they timely served the Richter's, but they do argue that because the Richters moved off-island, thereby complicating Plaintiffs' attempts at service, there is good cause for the delay. Moreover, Plaintiffs argue that even if no good cause is found, the Court should, nevertheless, extend the time for service as allowed by the Rules of Civil Procedure due to the significant prejudice to Plaintiffs that would result from dismissal. Plaintiffs also assert that the FAC adequately states a cause of action against the Richters and requests appropriate relief relating to exemplary damages and attorney's fees.

## DISCUSSION

### I. Motion to Dismiss for Insufficient Service – Rule 12(b)(5)

Defendants argue that this action should be dismissed under Rule 12(b)(5) because Plaintiffs did not effect service until 25 days after the 180 deadline in Mr. Clayton's case and 42 days after the deadline in Mrs. Clayton's case.

#### a. Legal Standard

A court may dismiss a complaint under Rule 12(b)(5) where the plaintiff fails to comply with Guam's Rules of Civil Procedure governing service of process. Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 180 days after the filing of the compliant, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

GUAM R. CIV. P. 4(m). While the Guam Supreme Court has held that strict compliance with the service provisions is required, Pineda v. Pineda, 2005 Guam 10 ¶ 18, the Court has not yet determined the scope of the trial court's discretion to extend Rule 4(m)'s 180 deadline where a

plaintiff fails to effect proper service or serves a defendant after the deadline expires. Rule 4(m) contains nearly identical language to its federal counterpart and thus federal cases interpreting the rule are persuasive. People v. Diaz, 2007 Guam 3 ¶ 14, n. 4.

Under the plain language of the rule, the court may grant an extension of time to serve the complaint, see Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003), and may extend "time for service retroactively after the [service deadline] has expired." See U.S. v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc., 366 F.3d 767, 772 (9th Cir. 2004). If the plaintiff shows good cause for the delay, the rule requires that the court extend the time period. GRCP 4(m); Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007). If the court does not find good cause, it has broad discretion to either dismiss the complaint without prejudice or extend the time period for service. Rule 4(m); Efaw, 473 F.3d at 1040. Factors that the court may consider in determining whether to allow an extension in the absence of good cause include prejudice to the defendant, actual notice of the lawsuit, eventual service, and a statute of limitations bar. Efaw, 473 F.3d at 1041 (2007) (citing Troxell v. Fedders of N. Am., Inc., 160 F.3d 381, 383 (7th Cir. 1998)).

*b. Analysis*

Plaintiffs argue that this Court is required to extend the service deadline because good cause exists due to attempted service within the 180 day deadline and due to the fact that Plaintiffs' attempts were frustrated by the Richter's having moved away from Guam, which was an event not within the Plaintiffs' control. Plaintiffs also contend that even if this Court finds no good cause, it should still exercise its discretion to extend the deadline.

Plaintiffs' feeble excuses for their dilatory actions fall far short of anything resembling good cause. A single attempt at service just prior to expiration of the 180 day deadline immediately followed by an ill-advised attempt at service upon someone not authorized to accept service simply does not paint a picture of plaintiffs who have diligently attempted to meet their responsibility to effect timely service. Apparently, only after the deadline expired did Plaintiffs then make an effort to find the Richters at their new address and serve them personally in Texas. Plaintiff's offer no justification for their failure to attempt service during the first 175 days

following the filing of the Complaint. And Plaintiffs offer no explanation as to why they did not file a motion to extend the deadline for service, instead waiting until the filing of their opposition on the motion to dismiss to raise a good cause justification.

Now Plaintiffs merely attempt to shift the blame upon the Richters whose only alleged fault is that they moved away from Guam sometime during the two-and-a-half years between the date of the accident and the date of attempted service. But Plaintiffs fail to acknowledge the fact that defendants routinely establish new residences and that it is a plaintiff's responsibility to act diligently in finding and serving a defendant at the new residence. See, e.g., C.F. Dennis v. Christianson, 482 N.W.2d 448, 452 (Iowa 1992) (finding no justification for plaintiff's delay in service of process despite fact that defendant had moved to a different state, did not leave a forwarding address, and did not list her new address in local directories); Fetterolf v. Hoffmann-LaRoche, Inc., 104 Ohio App. 3d 272, 278, 661 N.E.2d 811, 815 (1995) (noting that Rule 6(b) motion to extend service deadline was not proper where, *inter alia*, plaintiff had ample opportunity to discover defendant's unknown address). Plaintiffs' proffered justifications simply do not constitute good cause for the delay in serving the Richters.

Despite the absence of good cause, this Court will not dismiss the action for late service. The Richters themselves acknowledge that USAA notified them of the lawsuit in August, 2011 (though, the Richters do not specify the exact day on which they received notice). (Richter Def.'s Mem. Supp. Third Motion to Dismiss, 6) Furthermore, the Plaintiffs did, ultimately, serve the Richters in Texas and the delay in service was not extraordinary – just twenty-four days after the 180 day deadline for Mr. Richter and forty-one days following the deadline with respect to Mrs. Richter.

The Richters argue that because service occurred after the running of the statute of limitations the Richters will be forced to defend against stale claims and are therefore prejudiced by the delay. The Richters contend that memories and skid marks have faded, and the cars involved in the accident are apparently no longer available to inspect. In support of their assertion of prejudice, the Richters cite Gartin v. Par Pharm. Companies, Inc. 289 F. Appx. 688, 694-95 (5th Cir. 2008). In Gartin, the Fifth Circuit concluded that extension of the 120 day

service deadline under the federal rules and the facts presented was not appropriate: the court noted that because the defendants received service only after a significant delay and after the statute of limitations had run, the defendants would be forced to defend against a stale claim and would therefore suffer prejudice. Gartin, 289 F. App'x at 694.

While the Richters claim that the facts in Gartin are nearly identical to the present case, this Court finds that the facts in this case differ significantly from those in Gartin. In Gartin, the plaintiffs delayed ninety days from the expiration of the service deadline before even *attempting* to serve the defendant. Moreover, this delay occurred despite the fact that the district court had issued a notice of impending dismissal notifying the plaintiffs of the need to promptly serve the defendants. The Fifth Circuit therefore recognized that by ignoring the district court's *sua sponte* warning and waiting ninety days after the passage of the deadline before attempting service, the plaintiffs had "engaged in a clear pattern of delay and neglect . . . ."Gartin, 289 F. App'x at 694. In contrast, in the present case it is significant that Plaintiffs at least *attempted* service within the prescribed time-period and that service was ultimately accomplished no later than 41 days after expiration of the allotted time under Guam's rules. Moreover, this Court never explicitly admonished Plaintiffs to effect service and thus there is no clear pattern of delay and neglect with respect to Plaintiffs' service obligations. Based on these factual distinctions, this Court does not find occasion to rely upon Gartin in reaching a decision here. In addition, this Court finds that the prejudice highlighted by the Richters resulting from defending a stale claim is largely speculative and any actual prejudice is minimal and would not be attributable to an extension granted to Plaintiffs.

Finally, dismissal here would work substantial prejudice against Plaintiffs and their action against the Richters due to the fact that the statute of limitations has run on the underlying claim. As mentioned prior, such prejudice is appropriately considered on a motion to dismiss under Rule 12(b)(5). See United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc., 366 F.3d 767, 773 (9th Cir. 2004); See Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir.1997), cert. denied, 522 U.S. 1109, 118 S.Ct. 1038, 140 L.Ed.2d 104 (1998) ("the running of the statute of limitations is a factor supporting the discretionary granting of an

extension of time to make service[.]"). Further, this Court declines the Richter's invitation to find that dismissal would not prejudice Plaintiffs simply due to the fact that Plaintiffs would be able to continue pursuing other claims involving other defendants. Consideration of Plaintiffs' other cases or claims involving unrelated defendants do not factor into this Court's decision relating to any valid claims asserted against the Richters.

In sum, the balance here falls in favor of granting a retroactive extension of time for service under Rule 4(m).

## II.     Motion to Dismiss for Failure to State a Claim - Rule 12(b)(6)

The Richters argue that the FAC lacks sufficient factual detail to state a valid claim of negligence or to support a claim for exemplary damages.

### a. Legal Standard

Guam Rule of Civil Procedure 12(b)(6) mandates dismissal of a complaint where a pleading fails to properly state a claim upon which relief may granted. GRCP 12(b)(6). Under Rule 8(a) of the Guam Rules of Civil Procedure, a pleading setting forth a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Guam R. Civ. P. 8(a).

The parties express substantial disagreement as to the specific standard this Court should apply in determining whether the FAC here is sufficient under Rule 8(a) and properly states a claim against the Richters. Their disagreement largely relates to whether the pleading standard in this jurisdiction is characterized by the "no set of facts" standard first articulated in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957) abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and widely recognized by federal courts and the courts of Guam prior to 2007, or whether the Supreme Court of Guam in Core Tech Int'l v. Hanil Eng'g, 2010 Guam 13, adopted the heightened plausibility standard employed by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Under the "no set of facts" standard, a complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46, 78 S. Ct. at 102. In contrast, the factual plausibility standard requires that a plaintiff plead sufficient facts to state a claim that is plausible on its face. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 622, 129 S. Ct. 1937, 1949 (2009).

Both federal and local courts have offered inconsistent guidance as to when or how the varied standards should be applied. Much of the confusion appears to stem from the fact that a plaintiff's claim must be both legally *and* factually sufficient in order to withstand a motion to dismiss. Balisteri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."); Cf Conley, 355 U.S. at 45-47, 78 S. Ct. at 102-03, 2 L. Ed. 2d 80 (1957) (in determining whether dismissal of complaint was appropriate, Court applied "fair notice" standard to assess sufficiency of the complaint's factual allegations but applied "no set of facts" standard in assessing sufficiency of the legal claim"); see also Stephen B. Burbank, Pleading and the Dilemmas of Modern American Procedure, 93 Judicature 109, 113 (2009); Wendy Couture, Conley v. Gibson's "No Set of Facts" Test: Neither Cancer Nor Cure, 114 PENN ST. L. REV. PENN STATIM 19 (2010), *available at* http://pennstatelawreview.org/114/114 Penn Statim 19.pdf. But see Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 675 (7th Cir. 2001) (noting that a motion to dismiss tests a complaint's legal sufficiency while a motion for summary judgment tests a complaint's factual sufficiency).

Despite the apparent distinction between legal and factual sufficiency and the applicable standards for analyzing a complaint, courts have not provided clear guidance regarding which standards remain viable or how the standards should apply in specific circumstances. See, e.g., Conley (applying "no set of facts" standard to test legal sufficiency of complaint, but applying "fair notice" standard to test factual sufficiency of the complaint); Twombly, 550 U.S. at 555, 127 S. Ct. at 1965, 74, 77 (condemning application of the "no set of facts" standard and imposing a heightened factual plausibility requirement, but also acknowledging Conley's "fair notice"

standard); Taitano v. Calvo Finance Corp. ¶¶ 6, 25, 29 (applying "no set of facts" standard in determining factual sufficiency of a complaint while also seemingly acknowledging the "fair notice" standard articulated under Conley); Core Tech Int'l 2010 Guam 13 ¶ 52 (reiterating adherence to the "no set of facts" standard, but in doing so, favorably citing Twombly, which retired that standard).

While this Court acknowledges the difficulty in reconciling the subtle differences regarding the application of the above-described standards, some clear principles do offer a guide to this Court in analyzing the FAC in this case. It is clear that in reviewing a motion to dismiss the court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." First Haw. Bank, 2007 Guam 2 ¶ 9 (citing Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)). The complaint "need not contain detailed factual allegations . . . ." Core Tech. Int'l Corp. v. Hanil Eng'g & Constr. Co., ¶ 2010 Guam 13 ¶ 52 However, "a plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. 544, 555 (2007)). Indeed, the United States Supreme Court has acknowledged the fact that courts have found a literal application of Conley's "no set of facts" standard inappropriate, and that many courts require at least some factual showing by the plaintiff to establish the grounds upon which relief is sought. See Twombly, 550 U.S. at 562, 127 S. Ct. at 1969. The Guam Supreme Court apparently agrees with those courts that require something more than merely hypothetical facts, as that Court has routinely recognized that a plaintiff must plead something more than "conclusory allegations of law," and that "unwarranted inferences" will not defeat a motion to dismiss for failure to state a claim. Taitano ¶ 6 (citing First Haw. Bank, 2007 Guam 2 ¶ 9).

*b) Analysis*

With the above principles in mind, this Court now turns to the issue of whether Plaintiffs' FAC states a valid claim of negligence on the part of Mrs. Richter and whether the pleading sets forth sufficient allegations to support the requested relief of punitive damages.

i.    Claim of Negligence

A valid claim of negligence "requires the existence of a duty, the breach of such duty, causation and damages." <u>Leon Guerrero v. DLB Constr. Co.,</u> 1999 Guam 9 ¶ 14 (citing Restatement (Second) Torts §§ 281, 282 (1988)). Under Guam law, a driver clearly has a duty to keep her vehicle at a safe distance from surrounding vehicles. 16 G.C.A. § 3320. Plaintiffs' allegations include a statement that "Upon information and belief, Defendant Mrs. Richter was driving her car such that the distance between her car and the Escotos' pickup truck was improper and unsafe." (Pl.'s FAC ¶ 15) Defendants argue this statement constitutes a legal conclusion. This Court finds that the statement to be a sufficient allegation of fact. Moreover, this factual allegation supports Plaintiffs claims of negligence, which provide:

> [38] On or about February 8, 2009, Defendant Mrs. Richter so negligently operated and/or maintained the 2005 Totyota Corolla that she caused the collision with the Escoto's 2003 Toyota Pre-Runner." ¶ 38

> [39] Defendant Mrs. Richter's conduct was careless and negligent, and proximately caused the collision, the resulting deaths of the Escotos' minor children, 8-year-old Henchella and 9-year-old Rhyence; the resulting injuries to the Escotos and their 4-year-old daughter Henriell; and the resulting damage to the Escotos' personal property.

(Pl.'s Complaint ¶ 38-39)

Even under a heightened plausibility standard Plaintiffs' claim would be sufficient as Plaintiffs have stated the facts upon which their theory of liability is based – namely that Mrs. Richter was following the Escotos' vehicle at an unsafe distance. It is important to note that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context . . . ." <u>Robbins v. Oklahoma,</u> 519 F.3d 1242, 1248 (10th Cir. 2008). Thus, "[a] simple negligence action based on an automobile accident may require little more than the allegation that the defendant negligently struck the plaintiff with his car while crossing a particular highway on a specified date and time." <u>Id.</u> (citing Form 9, Complaint for Negligence, Forms App., Fed. Rules Civ. Pro., 28 U.S.C.App., p. 829 (discussed in <u>Twombly,</u> 127 S.Ct. at 1970–71 n. 10)). This Court finds the Complaint here goes

beyond mere legal conclusions and offers a sufficient short and plain statement of fact that is sufficient to state a claim for negligence.

### ii. Plaintiffs' Prayer for Exemplary Damages

The Richter Defendants argue that Plaintiffs' allegations and claims supporting the Plaintiffs' request for exemplary damages against Mrs. Richter contain only legal conclusions, and, because they lack any factual basis, the claim must be dismissed.

This Court agrees that the FAC fails to state sufficient facts to support the prayer for relief or claim for exemplary damages. Under Guam law, a Plaintiff may recover exemplary damages where "a defendant is guilty of oppression, fraud, or malice, express or implied." 20 G.C.A. § 2120. In an apparent attempt to show malice, Plaintiffs allege that Mrs. Richter "so recklessly and/or willfully and wantonly operated and maintained [her vehicle] that she caused a collision with the Escotos' 2003 Toyota Pre-Runner" and that Mrs. Richter's recklessness was the proximate cause of the injuries inflicted upon the Estotos. Pl.'s Compl. ¶¶ 43-44. The lone fact alleged by Plaintiffs is simply that Mrs. Richter did not operate her vehicle at a safe distance with respect to the Escotos' vehicle. The legal conclusions consisting of statements of reckless, willful, and wanton behavior accompanied by a bare assertion of fact that allows only an inference that Mrs. Richter was driving too close to the Escotos' vehicle are insufficient to support an allegation of malice. The FAC fails to plead sufficient facts to state a claim upon which the relief of exemplary damages may be granted with respect to Mrs. Richter.

Plaintiffs' have requested leave to amend the FAC to plead sufficient facts in the event this Court dismisses any of its claims. Because it is at least possible – though highly improbable – that Plaintiffs could set forth allegations sufficient to allow a claim for exemplary damages,[2] this Court dismisses the Fourth Claim without prejudice and grants Plaintiffs leave to amend so as to

---

[2] T&A and USAA claim that exemplary damages are simply not available to a plaintiff in a wrongful death action and further claim that an insurance company cannot be held liable for payment of exemplary damages in an action against a policy holder. This Court need not discuss these issues at this time. First, assuming that any future amended complaint asserts claims properly supporting exemplary damages, it is clear that Plaintiffs, aside from the wrongful death claims, have claimed other injuries that could support an award of exemplary damages. And if Plaintiffs are ultimately entitled to an award of exemplary damages, this Court and the parties will have ample opportunity to determine on whom such award is enforceable.

state a valid claim. See Taitano v. Calvo Finance Corp., 2008 Guam 12 ¶ 9 (dismissal is proper only if it is clear that the complaint could not be saved by an amendment).

### iii.    Plaintiffs' Prayer for Attorney Fees

This Court recognizes that it is unlikely that a plaintiff may obtain attorney fees in an action for negligence. However, as this Court is granting leave to amend, this Court will not now determine whether attorney's fees are appropriate. Defendants may renew their motion to dismiss or file a motion to strike under Rule 12(f) once it clear as to which complaint the Plaintiffs will move forward on.

## III.    Motion to Dismiss T&A

Finally, T&A moves for dismissal under Rule 12(b)(1) of the Guam Rules of Civil Procedure arguing that it is not a proper party to this action and that subject matter jurisdiction is therefore lacking. Standing is one component of subject matter jurisdiction; therefore, a party must have standing before a court has jurisdiction to hear the claim. Guam Imaging Consultants, Inc. v. Guam Mem'l Hosp. Auth., 2004 Guam 15 ¶ 17. The question of standing to sue goes to the existence of a cause of action against the defendant. Id. (citing Parker v. Bowron, 254 P.2d 6, 9 (Cal. 1953); Common Cause v. Bd. of Supervisors, 777 P.2d 610, 613-14 (Cal. 1989). In Guam v. Tennessen, in considering whether the plaintiff had constitutional standing the Guam Supreme Court acknowledged that in order to have standing a plaintiff

> must show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Tennessen 2011 Guam 2 ¶ 14. (quoting Friends of the Earth, Inc., v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000). "The party asserting an injury bears the burden of proving each element of standing exists." Id. (citing Renne v. Geary, 501 U.S. 312, 316 (1991).

In the present case, plaintiffs have not met their burden of showing that their injury is in any way associated with T&A or that it is likely that their injury could be redressed by maintaining its action against T&A. Plaintiffs apparently attempt to hold T&A liable as an insurer under Guam's direct action statute, which provides:

> On any policy of liability insurance the injured person or his heirs or representatives shall have a right of direct action against the insurer within the terms and limits of the policy, whether or not the policy of insurance sued upon was written or delivered in Guam, and whether or not such policy contains a provision forbidding such direct action, provided that the cause of action arose in Guam. Such action may be brought against the insurer alone, or against both the insured and insurer.

22 G.C.A. § 18305. However, by Plaintiffs' own Complaint allegations T&A is merely an insurance *agent*, and under the plain language of the statute only *insurers* are subject to the direct action. Plaintiffs have not offered sufficient factual allegations or proof that T&A acts as an insurance provider or that T&A insured the Richters. An insurance agent is simply not equivalent to an insurer and this court finds that, as a matter of law, an agent cannot be sued in a direct action under title 22, section 18305. It is clear from the record that T&A is not a proper party to this lawsuit and this Court therefore GRANTS the motion to dismiss.

## CONCLUSION

Based on the foregoing, the Richter Defendants' 12(b)(5) motion to dismiss for failure to timely serve the summons and complaint is DENIED. This Court retroactively grants a 60-day extension of the deadline for timely service on the Richters. As there is no argument that personal service effected upon the Richters in Texas was improper, and as service on the Richters occurred no later than 60 days after the expiration of the original deadline, this Court finds that Plaintiffs have established effective service.

The motion to dismiss for failure to state a claim under Rule 12(b)(6) is hereby GRANTED in part and DENIED in part. The motion is DENIED with respect to Plaintiffs' Third Claim alleging negligence. The motion is GRANTED with respect to Plaintiffs' Fourth Claim and the related prayer for exemplary damages. Dismissal is without prejudice and Plaintiffs are granted leave to amend the FAC. If Plaintiffs intend to file a second amended complaint in conformity with this Order, they shall do so within 30 days of the filing of this Order. If Plaintiffs do not timely file a second amended complaint, the Richters and USAA shall file an

-13-

answer to the remaining portions of the FAC within the time provided under the Guam Rules of Civil Procedure.

The motion to dismiss all claims against T&A is hereby GRANTED as T&A is not a proper party to this lawsuit.

The motion to dismiss Plaintiffs' request for attorney's fees is not ripe for decision at this time given the possibility of future amendment of the FAC and is DENIED.

It is **SO ORDERED** this 13th day of March, 2012.

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

MAR 13 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

-14-